UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| EDRICK JAMAR DUNN, Institutional ID No. 01896519,<br><br>Plaintiff,<br><br>v.<br><br>JIM BOB DARNELL, *et al.*,<br><br>Defendants. | No.  5:25-CV-00132-H |

## OPINION AND ORDER

Plaintiff Edrick Jamar Dunn, a self-represented state prisoner, filed this civil-rights action in state court against former state-court District Judge Jim Bob Darnell, former Lubbock County District Clerk Barbara Sucsy, and current Lubbock County District Clerk Sara L Smith.  Defendants Sucsy and Smith promptly filed a notice of removal under 28 U.S.C. § 1441(a).[1]  Dkt. No. 1.  Soon after removing this case, they filed a notice of related cases, listing five earlier lawsuits that Plaintiff filed in this Court against the same defendants and asserting the same or similar claims.  Dkt. No. 6.  All three defendants then moved to dismiss Plaintiff's claims because Plaintiff's claims are barred by res judicata and because they are entitled to absolute and qualified immunity.  Dkt. Nos. 7, 8.  Additionally, Defendants Sucsy and Smith assert that Plaintiff's claims against them are subject to dismissal for insufficient service, failure to state a claim, and as barred by the statute of limitations.  Dkt. No. 7.

---

[1] Defendant Darnell consented to the removal.  *See* Dkt. No. 1.

Plaintiff filed four responses to the motions to dismiss.[2] Dkt. Nos. 10, 12, 14, 16. He also filed an objection to the removal, Dkt. No. 20, a motion for appointment of counsel, Dkt. No. 21, and three motions for a temporary restraining order or preliminary injunction, Dkt. Nos. 17, 29, and 30. He also filed a motion to proceed *in forma pauperis*.[3] Defendants Sucsy and Smith replied in support of their motion to dismiss, Dkt. No. 23, and responded to each of Plaintiff's other requests, Dkt. Nos. 24, 25, 26, 27, 31, 33.

Now, as explained below, after reviewing the parties' pleadings and the applicable law, the Court finds that, among other defects, Plaintiff's claims are barred by res judicata and in any event, each of the defendants are entitled to immunity from suit. Thus, the Court grants Defendants' motions, Dkt. Nos. 7, 8, and dismisses Plaintiff's complaint. Likewise, the Court overrules Plaintiff's objection to the removal of this case and denies Plaintiff's motions for injunctive relief and appointment of counsel. Dkt. Nos. 17, 20, 21, 29, and 30.

1.  **Background**

    A.  **Plaintiff's claims and history**

    Plaintiff sues Defendants Darnell, Sucsy, and Smith for their alleged mishandling of his state habeas case between 2017 and 2022. Dkt. No. 2 at 17. He asserts that Defendant Judge Darnell disregarded an order from the Texas Court of Criminal Appeals requiring

---

[2] Plaintiff labels his first response, Dkt. No. 10, as a motion for summary judgment, but it does not comply with the requirements of Federal Rule of Civil Procedure 56 or the applicable local rules. Moreover, because this case remains at the pleading stage and no scheduling order has issued, a motion for summary judgment would be premature. Thus, the Court considers Plaintiff's arguments only in response to Defendants' motion to dismiss.

[3] Plaintiff's motion to proceed *in forma pauperis* is unnecessary here because the defendants paid the filing fee upon removal. But in any event, as discussed below, Plaintiff is ineligible to proceed *in forma pauperis* under the three-strikes provision of 28 U.S.C. § 1915(g). Thus, the Court denies the motion.

him to refer Plaintiff's motion for recusal to a supervisory judge. *Id.* at 18–19. Then, he asserts that Defendant Sucsy concealed the denial of his motion to recuse by not sending him a copy of the order. And he contends that when he later attempted to purchase copies from his habeas record, Defendant Smith sent him the wrong documents. Altogether, Plaintiff claims that Defendants Darnell, Sucsy, and Smith conspired to violate his constitutional rights and prevent him from obtaining the habeas relief to which he was entitled. He seeks compensatory damages calculated at a rate of $50 per day, as well as punitive damages and other monetary relief. He also seeks wide-ranging declaratory relief and injunctive relief related to his state-court criminal proceedings and habeas proceedings.

Plaintiff expands on his requests for relief in his motions for temporary restraining order and preliminary injunction. Dkt. Nos. 17, 29, 30. In each motion, Plaintiff requests, essentially, that he be released from prison and that the defendants—or at least Defendant Darnell—be placed in jail. *See id.*

These claims are not new. Plaintiff has brought each of these claims in this Court multiple times, and he has been unsuccessful each time. *See Dunn v. Smith*, No. 5:22-cv-178 (N.D. Tex. Feb. 13, 2023) (dismissed for failure to state a claim); *Dunn v. Sucsy*, No. 5:22-cv-190 (N.D. Tex. Nov. 29, 2023) (dismissed for failure to state a claim); *Dunn v. Darnell*, No. 5:22-cv-191 (N.D. Tex. Feb. 13, 2023) (dismissed for failure to state a claim); *Dunn v. Darnell, et al.*, No. 5:23-cv-140 (N.D. Tex. July 14, 2023) (dismissed under the three-strikes provision of 28 U.S.C. § 1915(g)); *Dunn v. Darnell, et al.*, No. 5:23-cv-180 (N.D. Tex. Oct. 17, 2023) (dismissed under the three-strikes provision of 28 U.S.C. § 1915(g)). And, in addition to his unsuccessful civil-rights cases, Plaintiff also raised these claims in an

unsuccessful habeas action before this Court. *See Dunn v. Director, TDCJ-CID*, No. 5:17-cv-187 (N.D. Tex. Sept. 14, 2020) (denied and dismissed with prejudice).

### B. Plaintiff's Objection to Removal

Given this history, Plaintiff understandably objects to the removal of his complaint and asks that the Court remand it to the state court. Dkt. No. 20. Defendants removed the case to federal court based on federal question jurisdiction because it predominantly raises a "claim arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. §§ 1441(c), 1331. "After removal, a case may be remanded to state court based on (1) lack of subject matter jurisdiction or (2) a defect." *Banda v. City of McAllen, Texas*, No. 24-40508, 2025 WL 3094122, at *2 (5th Cir. Nov. 4, 2025) (citing 28 U.S.C. § 1447(c)). "The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Id.*

Plaintiff asserts that he believes the state court may be more amenable to his claims because it did not dismiss the complaint before it was removed. Dkt. No. 20. And he argues that the state court is capable of adjudicating his claims. *Id.* But he makes no argument that the Court lacks jurisdiction over his claims—indeed, he reaffirms that he believes the defendants have violated his constitutional and federal rights. *See id.* Nor does he identify any other defect in the removal. *See* 28 U.S.C. § 1447(c). In other words, he objects to the removal of his case because he would prefer to proceed in state court, but he fails to make any argument that the removal was improper. Moreover, Defendants have satisfied their burden to show that the Court has jurisdiction over Plaintiff's constitutional claims and that the removal was proper. Thus, Plaintiff's objection is overruled, and the Court declines to remand the case to state court.

4

### C.    Defendants' motions

Defendants now move to dismiss Plaintiff's complaint. All three defendants assert that they are each entitled to absolute immunity for their alleged actions or omissions in the adjudication of Plaintiff's state habeas proceedings. Dkt. Nos. 7, 8. They also argue that Plaintiff's claims are barred by res judicata. They contend that Plaintiff's history here shows that he has raised the same claims against the same defendants before, and his claims were fully adjudicated in this Court.

In addition to these fatal defects, Sucsy and Smith assert that Plaintiff's claims against them are also subject to dismissal for insufficient service of process under Rule 12(b)(5) and for failure to state a claim under Rule 12(b)(6). Dkt. No. 7. Specifically, Sucsy and Smith contend that Plaintiff failed to properly serve them because he issued his own citation instead of going through the clerk's office, and he failed to deliver it to them personally or to a designated agent for service. They also argue that Plaintiff's claims are subject to dismissal for failure to state a claim for the same reasons as before, he has failed to overcome their assertion of qualified immunity, and that in any event, his claims are now time barred. Finally, Sucsy and Smith argue that Plaintiff's official-capacity claims must fail because he complains about an isolated incident rather than a recurring pattern or custom.

In sum, Defendants argue that Plaintiff has no right to bring these repetitive claims against them again, and even if he did, his claims must fail for a number of reasons. Thus, they ask the Court to dismiss Plaintiff's complaint and all of his claims against them. Plaintiff's responses do little more than repeat his claims and insist they have merit. Dkt. Nos. 14, 16.

2. **Legal Standards**

   A. **Rule 12(b)(6)**

Rule 12(b)(6) allows dismissal if a plaintiff "fails to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). At the motion-to-dismiss stage, the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009). In reviewing a motion to dismiss under Rule 12(b)(6), a district court must generally examine only the complaint and any attachments to the complaint. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). But a court may consider extrinsic documentary evidence if (1) the document is attached to a defendant's motion to dismiss, (2) the document is referred to in the plaintiff's complaint, and (3) the document is "central" to the plaintiff's claim. *Id.* at 498–99.

The plaintiff must plead "enough facts to state a claim of relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[T]o survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief–including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, at 555)).

A claim is facially plausible when it asserts facts that allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This determination is context-specific and requires the court to draw upon its own experience and common sense. *Id.*

### B.     Res Judicata

Res judicata "insures the finality of judgments and thereby conserves judicial resources and protects litigants from multiple lawsuits." *Oreck Direct, LLC v. Dyson, Inc.*, 560 F.3d 398, 401 (5th Cir. 2009) (quoting *United States v. Shanbaum,* 10 F.3d 305, 310 (5th Cir. 1994)). "The preclusive effect of a prior federal court judgment is controlled by federal res judicata rules." *Ellis v. Amex Life Ins. Co.*, 211 F.3d 935, 937 (5th Cir. 2000) (citations omitted). Those rules bar "the litigation of claims that either have been litigated or should have been raised in an earlier suit." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005).

In the Fifth Circuit, res judicata applies if four conditions are present: (1) the parties in the subsequent action are identical to, or in privity with, the parties in the prior action; (2) the judgment in the prior case was rendered by a court of competent jurisdiction; (3) there has been a final judgment on the merits; and (4) the same claim or cause of action is involved in both suits. *Id*. Courts in this circuit use a "transactional test," when considering the fourth condition—"[t]he critical issue is whether the two suits are based on the 'same nucleus of operative facts.'" *Chalmers v. City of Dall.*, No. 3:14-cv-36-N, 2014 WL 7174289, at *6 (N.D. Tex. Dec. 16, 2014) (quoting *Test Masters*, 428 F.3d at 571)*; see also Snow Ingredients, Inc. v. SnoWizard, Inc.*, 833 F.3d 512, 522 (5th Cir. 2016) ("True res judicata bars recovery when a party seeks to relitigate the same facts even when the party argues a novel legal theory." (citing *Agrilectric Power Partners, Ltd. v. Gen. Elec. Co.*, 20 F.3d 663, 665 (5th Cir. 1994))).

7

3.   Discussion

   A.   Res Judicata

Defendants argue that Plaintiff's claims are barred by res judicata. They contend that Plaintiff's history in this Court satisfies each of the four required conditions, and he is precluded from attempting to relitigate the same issues against the same defendants.

Plaintiff does not dispute that the defendants here are identical to those named in his prior suits. Nor does he refute that he raises the same claims—based on the same nucleus of operative fact—as before. And he makes no argument that the Court lacked jurisdiction when it adjudicated his earlier cases. Instead, Plaintiff asserts that the Court's prior judgments were not final and have no preclusive effect. Dkt. No. 14 at 9–10; Dkt. No. 16 at 10. Specifically, he argues that because some of his cases were dismissed without prejudice, he cannot be barred from refiling now. *Id.*

Plaintiff is correct that "dismissals without prejudice are not typically considered decisions on the merits." *Pie Dev., L.L.C. v. Pie Carrier Holdings, Inc.*, 128 F.4th 657, 662 (5th Cir. 2025). But when a plaintiff declines to amend after a dismissal without prejudice, "the dismissal without prejudice converts to a dismissal *with* prejudice and constitutes a final judgment on the merits for res judicata purposes." *Id.* "Res judicata applies when litigants have either 'failed to persuade a tribunal of the merit of their claims or ... [have] slept on their rights.'" *Id.* (quoting *Nilsen v. City of Moss Point*, 674 F.2d 379, 384–85 (5th Cir. 1982)).

Here, Plaintiff's first federal lawsuit against Defendant Sucsy—in both her individual and official capacities—was dismissed with prejudice for failure to state a claim. *See Dunn v. Sucsy*, No. 5:22-cv-00190, at Dkt. Nos. 25, 26 (N.D. Tex. Nov. 29, 2023). Specifically, the Court found that Plaintiff's claims against Sucsy were barred by the statute of limitations,

and that in any event, his allegations failed to support a viable cause of action. *See id.* at Dkt. No. 24. There can be no doubt that the dismissal of Plaintiff's claims with prejudice was a final judgment on the merits that precludes Plaintiff from relitigating his claims against Defendant Sucsy. *See Oreck Direct LLC*, 560 F.3d at 401 (noting that a dismissal with prejudice is generally considered a final adjudication on the merits for purposes of res judicata) (citing *Fernandez-Montez v. Allied Pilots Ass'n*, 987 F2d. 278, 284 n.8 (5th Cir. 1993)). Nevertheless, Plaintiff named Defendant Sucsy in two more lawsuits based on the same facts and issues. *See* Nos. 5:23-cv-00140; 5:23-cv-00180. Each of those lawsuits was dismissed without prejudice as barred under the three-strikes provision of 28 U.S.C. § 1915(g).

Plaintiff also fully litigated his claims against Defendants Smith and Darnell. *See Dunn v. Smith*, No. 5:22-cv-00178; *Dunn v. Darnell*, No. 5:22-cv-00191. In each of those cases, the Court concluded that Plaintiff failed to state a claim. No. 5:22-cv-00178 at Dkt. No. 18; No. 5:22-cv-00191 at Dkt. No. 12. Specifically, the Court found that Plaintiff's allegations against Smith did not rise to the level of a constitutional violation, and his claims against Darnell were untimely and barred by judicial immunity. *See id.* And the Court noted that there was no indication that Plaintiff failed to plead his best case against each of these defendants. *Id.* But given Plaintiff's status as a self-represented prisoner, the Court dismissed the two cases without prejudice "to allow Plaintiff to attempt to amend his complaint within a reasonable time to try and cure the deficiencies in his pleadings." No. 5:22-cv-00191 at Dkt. No. 12 (citing *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998).

Plaintiff did not attempt to amend his pleadings in either case. Nor did he appeal the dismissals. He tried to refile his claims twice in later lawsuits against all three defendants. *See* Nos. 5:23-cv-00140; 5:23-cv-00180. But because of his history of frivolous filings, he could not proceed without prepayment of the filing fee, and the cases were dismissed.

The record in Plaintiff's earlier cases demonstrate that his claims against Defendants Sucsy, Smith, and Darnell have all been fully—and finally—adjudicated by the Court. Plaintiff pled his best case, but he repeatedly failed to persuade the Court that his claims had merit. The Court gave Plaintiff a reasonable opportunity to amend his pleadings against Defendants Smith and Darnell, but he declined to do so. Thus, the dismissal of those claims operates with prejudice for purposes of res judicata. And because his claims are barred by res judicata, Plaintiff cannot show a plausible entitlement to relief. Simply put, Plaintiff is not entitled to keep relitigating the same issues against the same defendants in hopes of a different result.

### B.    Absolute Immunity

Next, Defendants argue that they are entitled to absolute immunity for their alleged acts or omissions in processing and adjudicating Plaintiff's state habeas case. Dkt. Nos. 7, 8.

As the Court concluded in Plaintiff's earlier lawsuit, Defendant Darnell is entitled to absolute immunity for the performance of his judicial duties. *See* No. 5:22-cv-00191 at Dkt. No. 12. Judges are absolutely immune from suit under Section 1983 for acts taken in the performance of their judicial functions. *Krueger v. Reimer*, 66 F.3d 75, 77 (5th Cir. 1995). "Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction." *Pierson v.*

*Ray*, 386 U.S. 547, 553-54 (1967). The Supreme Court determined more than 150 years ago that judges may not be sued for damages for any act taken within the performance of their judicial functions. *Bradley v. Fisher*, 13 Wall. 335, 347 (1872). This immunity is absolute and applies "however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." *Id.*

Likewise, absolute immunity has been extended to officials who work in "quasi-judicial" roles—such as court clerks who act in accordance with court orders, court rules, or at a judge's discretion. *See Kibbey v. Collin Cnty. Det. Facility*, No. 4:21-CV-799, 2023 WL 2541465, at *2 (E.D. Tex. Feb. 22, 2023) (collecting cases), *report and recommendation adopted,* No. 4:21-CV-799, 2023 WL 2527858 (E.D. Tex. Mar. 15, 2023). Defendants Sucsy and Smith assert that they are entitled absolute, quasi-judicial immunity for the performance of their official duties as the Lubbock County District Clerk. They contend that Plaintiff has not shown, and cannot show, that their alleged acts or omissions were not taken pursuant to court rules, court order, or at a judge's discretion.

The Court agrees. Plaintiff specifically alleges that Defendants Sucsy and Smith acted in "conspiracy" with Judge Darnell to "transact[] business incorrectly." Dkt. No. 16 at 7–8. In other words, he sues them for doing their jobs at the discretion of the judge. Thus, the Court finds that they are entitled to the protection of absolute, quasi-judicial immunity. And because Defendants Darnell, Sucsy, and Smith are immune from this suit, Plaintiff cannot state a plausible claim for relief against them.

### C.     Other Defects

In addition to res judicata and the defendants' absolute immunity—each of which alone warrants dismissal—Plaintiff's claims suffer from a number of other fatal defects.

Plaintiff has not demonstrated that he properly served Defendants Sucsy or Smith with legally sufficient process. *See* Fed. R. Civ. P. 12(b)(5). He created his own citation rather than requesting clerk-issued citation, and, rather than personally serving either Sucsy or Smith, he had his citation delivered to a third party who was not a designated agent for service. Thus, as argued by Defendants Sucsy and Smith, Plaintiff's claims against them are subject to dismissal for insufficient service under Rule 12(b)(5). *See* Dkt. No. 7 at 12–13.

He also repeats his claims here with the same fatal defects that the Court noted before. Most, if not all, of Plaintiff's claims are time barred. And although he litters each page with conclusory legal terms, he has wholly failed to allege sufficient facts to demonstrate that any of these defendants violated his constitutional or federal rights. As a result, he has failed to overcome Defendants Sucsy and Smith's assertion of qualified immunity.

Finally, he has failed to state a cognizable claim against the defendants in their official capacities. *See* Dkt. No. 7 at 16–17; *see also Dunn v. Sucsy,* No. 5:22-cv-00190, Dkt. No. 24 at 11 & n.10 (explaining that Plaintiff failed to establish a cognizable policy claim for the purpose of municipal liability because he failed to state an underlying constitutional violation).

### 4. Conclusion

For these reasons, Defendants' motions to dismiss are granted. Plaintiff's complaint and all claims alleged within it are dismissed with prejudice. Additionally, the Court denies Plaintiff's requests for a temporary restraining order or preliminary injunction.[4] Dkt. Nos.

---

[4] A party seeking a preliminary injunction or temporary restraining order must establish the four prerequisites for a restraining order, including (1) a substantial likelihood of success on the merits of

17, 29, 30.  And the Court denies Plaintiff's motion for appointment of counsel as moot.

The Court denies all relief not expressly granted and any pending motions.

      Dated February 6, 2026.

                                                James Wesley Hendrix
                                                United States District Judge

---

his case; (2) a substantial threat that the failure to grant an injunctive order will result in irreparable injury; (3) that the threatened injury outweighs any damage that the injunctive order might cause the defendant; and (4) that the order will not be adverse to the public interest.  *Women's Med Ctr. v. Bell*, 248 F.3d 411, 418-20 (5th Cir. 2001); *Dallas Cowboys Cheerleaders v. Scoreboard Posters, Inc.*, 600 F.2d 1184, 1187 (5th Cir. 1979).  A failure to prove any of the four elements will result in the denial of injunctive relief.  *Enter. Int'l, Inc. v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 472 (5th Cir. 1985).  The Court has dismissed Plaintiff's complaint and all claims within it.  Thus, he cannot demonstrate a substantial likelihood of success on the merits.  Moreover, to the extent he seeks release and attempts to challenge his state-court conviction, he cannot do so without first obtaining permission from the Fifth Circuit to file a successive habeas petition.  28 U.S.C. § 2244(b)(3)(A); see *Moran v. Stalder,* 121 F.3d 210, 211 (5th Cir. 1997).  Finally, he is not entitled to criminally prosecute Defendant Darnell or have him jailed.  *Lefebure v. D'Aquilla*, 15 F.4th 650, 655 (5th Cir. 2021) (collecting cases); *Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990).